UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| HAROLD LEE TINEYBEY and TOMMY GREENFIELD, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) 13-CV-3214 ) |
| GREGG SCOTT, JENNIFER BLAESING, TRAVIS HOUZENGA, JOSHUA BILLINGSLEY, SANDRA SIMPSON, JUDITH ROTH, and JOHNS AND JANES DOES, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiffs, proceeding pro se and detained in the Rushville Treatment and Detention Center, seek leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster

v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid.  28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.  A hearing was scheduled to assist in this review, but the hearing will be cancelled as unnecessary.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, --- F.3d ---, 2013 WL 3336713 * 2 (7th Cir. 2103).  However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  Alexander v. U.S., 2013 WL 3215667 *2 (7th Cir. 2013)(quoted cite omitted).

Plaintiffs allege that they are devout followers of Islam.  In accordance with their religious beliefs, Plaintiffs requested a Halal diet, which, in part, requires food to be prepared similarly to the preparation of Kosher food.  However, Plaintiffs have been offered only a vegetarian diet, not a Halal diet.  Until recently, Plaintiff

Greenfield had been receiving a Kosher diet, which Greenfield believed met the Halal dietary tenets. However, Greenfield's Kosher diet was discontinued for the stated reason that the vegetarian diet was the only religious meal allowed to the Muslims, with the Kosher meals reserved for Jewish inmates.

Prisoners have a First Amendment right to reasonable opportunities to practice their religion, subject to the legitimate penological concerns of the prison. Maddox v. Love, 655 F.3d 709 (7th Cir. 2011); Ortiz v. Downey, 561 F.3d 664, 669 (7th Cir. 2009). The Religious Land Use and Institutionalized Persons Act (RLUIPA) also protects an inmate's right to practice his religion, forbidding a substantial burden on that exercise unless the burden furthers a compelling government interest and is the least restrictive means of achieving that interest. 42 U.S.C. § 2000cc-1(a). Only injunctive relief is available under RLUIPA, not damages. Grayson v. Schuler, 666 F.3d 450, 451 (7th Cir. 2012)(RLUIPA does not create a cause of action against state employees in their personal capacity, but injunctive relief is available).

Neither the Court, facility administrators, nor even a religious leader may decide whether an inmate's sincere belief in how to

follow his religion is orthodox. Grayson v. Schuler, 666 F.3d 450, 455 (7th Cir. 2012)("Prison chaplains may not determine which religious observances are permissible because orthodox."); Ortiz v. Downey, 561 F.3d 664, 669 (7th Cir. 2009)("A person's religious beliefs are personal to that individual; they are not subject to restriction by the personal theological views of another."). Further, an inmate's right to practice his religion extends beyond what the religion officially mandates. An inmate has a right to exercise optional tenets of a religion, subject to the legitimate penological concerns of the prison. Koger v. Bryan, 523 F.3d 789, 798 (7th Cir. 2008)(inmate's request for non-meat diet was in accordance with sincerely held religious beliefs even though inmate's religion did not require a non-meat diet). Security is a legitimate penological concern that may justify the restriction of religious rights, as may be logistical, staffing and economic concerns. Grayson, 666 F.3d at 455; *but see* Easterling v. Pollard, 2013 WL 3787486 (7th Cir. 2013)(unpublished)(declining to decide whether significant expense and burden of accommodating one prisoner's request to observe Ramadan on a different date than all other prisoners was permissible under First Amendment).

The Court concludes that Plaintiffs state a First Amendment claim arising from the denial of a Halal diet in accordance with Plaintiffs' religious beliefs.  Plaintiffs also state a claim that they have been unable to practice other tenets of their religion, that they are harassed and discriminated against because of their religion, and that residents of other faiths are treated more favorably.

Additionally, Plaintiffs state a claim for injunctive relief under the RLUIPA.  Grayson v. Schuler, 666 F.3d 450 (7th Cir. 2012)(claim under RLUIPA should be inferred when a pro se prisoner asserts a burden on his right to freely exercise his religion).  Only injunctive relief against the governmental entity is available under RLUIPA, not damages.  Id.

However, no plausible inference arises that Defendants Simpson, Roth, or Blaesing could be liable on these claims.  Defendant Simpson allegedly failed to properly handle Plaintiffs' grievances on the issue, but that alone states no federal claim.  See Antonelli v. Sheahan, 81 F.3d 1422, 1430  (7th Cir. 1996)("a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause.").  Defendant Roth, Plaintiffs' clinical therapist, cannot be held liable solely because Plaintiffs told

her about the problem and she did not get involved. George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible."). Defendant Blaesing's only involvement was to inform Plaintiffs that she no longer handled special diet requests and that Plaintiffs needed to speak to the religious coordinator, Defendant Billingsley. No plausible inference arises that Blaesing was responsible for the denial of the Halal diet.

Additionally, Plaintiffs state no supplemental state law claim arising from an alleged violation of the Illinois Halal Act, 410 ILCS 637/1 et seq. That Act classifies as a misdemeanor deceptive communications which portray non-Halal food as Halal food. No private cause of action exists under this statute. In any event, no plausible inference arises that Defendants are deceiving Plaintiffs that non-Halal foods are Halal foods.

**IT IS ORDERED:**

1. Plaintiff's petition to proceed in forma pauperis is granted (d/e 2), subject to payment of Plaintiff's partial filing fee, which will be assessed by the clerk. Failure to pay the partial filing fee will result in dismissal of this case, without prejudice.

2. Pursuant to its review of the Complaint, the Court finds that Plaintiffs state claims under the First Amendment, the equal protection clause, and RLUIPA arising from their alleged inability to practice their religion, which includes consuming a Halal diet, alleged discrimination and harassment based on Plaintiffs' religion, and alleged more favorable treatment of religions other than Plaintiff's religion. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3. Defendants Simpson, Roth, and Blaesing are dismissed, without prejudice.

4. The claim against Defendant Scott shall be construed against Scott in his individual and official capacity. The official capacity claim is for purposes of injunctive relief.

5. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that

Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7. Defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

8. Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge

that has not been filed with the Clerk or that fails to include a required certificate of service shall be struck by the Court.

9.  Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

10.  This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on October 7, 2013, at 1:30 p.m., or as soon as the Court can reach the case, before U. S. District Judge Sue E. Myerscough by telephone conference.  The conference will be cancelled if service has been accomplished and no pending issues need discussion.  Accordingly, no writ shall issue for Plaintiff's presence unless directed by the Court.

11.  Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

12.    Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:  1)  enter the standard text order assessing a partial filing fee, if not already entered; and 2) attempt service on Defendants pursuant to the standard procedures.

ENTERED:  7/31/2013

FOR THE COURT:

                                           **s/Sue E. Myerscough**
                                           SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE